### C. F. RUDOLPH v. T. W. SNYDER.

Decided November 9, 1907.

**1.—Sequestration—Replevy—Sheriff—Cost.**

Certain cattle and a quantity of cotton seed oil cake was taken from the possession of the defendant by the sheriff by virtue of a writ of sequestration; within due time the defendant replevied the property, but was required by the sheriff to reimburse him for the expense of keeping the cattle before he could get possession of the same; the trial resulted in a judgment for the plaintiff for the cattle; the defendant requested a special charge to the effect that he was entitled to recover the amount paid to the sheriff. Held, the item of expenses incurred by the sheriff was not a proper issue to be submitted to the jury, but was an item of cost and regulated by statute.

**2.—Costs—Apportionment.**

Where, in a sequestration suit, the plaintiff recovers judgment for the property in controversy, and the defendant has a money judgment against the plaintiff, an apportionment of the cost between the parties is not an abuse of the discretion vested in the court by article 1425, Revised Statutes.

Appeal from the District Court of Sherman County. Tried below before Hon. Ira Webster.

*S. G. Tankersley* and *R. E. Carswell,* for appellant.

*Madden & Trulove,* for appellee.

CONNER, CHIEF JUSTICE.—This suit was instituted by appellee on April 2, 1903, to recover from appellant certain cattle. On the same day appellee sued out a writ of sequestration by virtue of which the sheriff seized the cattle and some oil cake claimed by appellant. Some ten days thereafter appellant replevied both cattle and oil cake, being required, however, to pay to the sheriff two hundred and ninety-seven dollars, cost of keeping the cattle while in the sheriff's possession. The trial resulted in a judgment for appellant for forty-eight dollars, the value of thirty-two sacks of cotton seed cake, and for appellee quieting "his claim and right of possession" to the cattle sued for.

It appears that subsequent to appellant's replevy the cattle were again sequestered at the suit of one Sneed, a vendee of appellant, under whom appellee had claimed at the institution of this suit, and that in a suit between appellant and Sneed the latter retained the cattle, but was adjudged to pay appellant certain damages for wrongfully dispossessing him of said cattle. The court below, hence, seems

to have assumed on the trial of this case that the right of possession was no longer in issue, or if so, that it conclusively appeared from the evidence that appellee had rightfully brought suit for the cattle. At all events, the only issue submitted to the jury is to be found in the following charge:

"Gentlemen of the jury: 1st, I charge you with the law of this case as follows, to wit: If you find and believe from the evidence in the case that the defendant was the owner and had possession of certain cotton seed oil cake, and that the same was taken from him without his consent by plaintiff, T. W. Snyder, or by the sheriff as his deputy, by virtue of a writ of sequestration sued out by the plaintiff, T. W. Snyder, then you will find for the defendant, C. H. Rudolph, and assess his damages at such sum as you believe from the evidence was the value of such cotton seed oil cake at the time it was so taken, if it was taken, not to exceed $1.50 per sack."

The court also refused the following special instruction requested by appellant, viz.: "You are instructed that if you find from the evidence that defendant was holding the cattle in controversy by virtue of the contract read to you in evidence, and that while he was so holding them they were taken from him without his consent by the sheriff of Sherman County by virtue of the writ read to you, and while said sheriff was so holding them the defendant was compelled to pay to said sheriff the sum of $297 in order to regain the possession of the same, and that he did so pay said sheriff such sum, then you will find for defendant such amount as damages."

Appellant complains of the refusal of the special charge, and also of the court's charge on the ground that it failed to submit the issue of whether the writ of sequestration had been wrongfully issued, the contention being "that the evidence shows conclusively that appellant was wrongfully deprived of the possession of the cattle by the levy of the writ, and that having to pay the $297 to recover his possession, he was entitled to recover that amount in this suit as damages." Complaint is not made of any other injurious result of the court's action, and it seems clear to us that the item of two hundred and ninety-seven dollars paid to the sheriff had no place among the issues proper to be submitted to the jury. Revised Statutes, article 4871, expressly provides that: "The officer retaining custody of property by virtue of a writ of sequestration shall be entitled to receive a just compensation and all reasonable charges therefor, to be determined by the judge or justice from whose court the writ issued, to be taxed in the bill of costs against the party cast in the suit, and collected in the same manner as the other costs in the case." If, therefore, appellant was entitled to the item of two hundred and ninety-seven dollars at all, it was merely as part of the costs of the suit, and he should have asked the court to so tax it, which he does not appear to have done. Besides, as stated, appellant has not otherwise complained of the judgment to the effect that appellee was the owner and entitled to the possession of the cattle at the time of the institution of the suit, nor did he offer any evidence traversing the allegations of the affidavit for the writ of sequestration in other particulars, so that it seems

necessarily to follow that appellee, on the motion to retax the cost, would be entitled to the costs of the sequestration.

What we have said in part applies to the only remaining assignment, which is, that "the court erred in rendering judgment against defendant for any costs incurred in this suit." The statute provides that: "The successful party to a suit shall recover of his adversary all the costs expended or incurred therein, except where it is or may be otherwise provided by law." See Rev. Stats., art. 1425. Appellee having recovered in part, as we have seen, we can not say that the court erred in adjudging, as he did, that appellant "pay all costs incurred in this suit up to and including the October term of this court, 1905, and that said T. W. Snyder pay all costs incurred herein since the said October term, 1905." Appellant, indeed, in his statement under this assignment, has failed to point out what items of cost, if any, were taxed against him by virtue of the judgment quoted, and we hardly see how, in the absence of some such showing, we could in any event say that material injury in this respect has been done appellant.

We conclude that the judgment should be affirmed, and it is so ordered.

*Affirmed.*